CLERK'S COPY

FILED
AT ALBUQUERQUE NM

FEB 2 2 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN DALE SMITH,

    Applicant-Plaintiff,

v.    No. CIV-99-1181 MV/RLP

WARDEN ROLLINS, EYMAN RYNNING UNIT,
JUDGE JEFFIRES [sic], DISTRICT COURT JUDGE,
ASSISTANT PUBLIC DEFENDER CAMACHO,
ASSISTANT PUBLIC DEFENDER JAMES H. DAWDY, JR.,
ASSISTANT DISTRICT ATTORNEY TIMOTHY FLYNN,
MAGISTRATE JUDGE GIFFORD,

    Respondents-Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion to dismiss (Doc. #8) filed December 15, 1999, by Defendants Jeffreys, Dawdy, Flynn, and Gifford.[1] Also before the Court for preliminary consideration, *sua sponte*, is Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254. Rule 4 Governing Section 2254 Cases.

Applicant initiated this action by filing a "Motion to Proceed as an Indigent on Appeal and Request for the Appointment of Counsel for Rule 32 Brief Filing," in which Applicant indicates his intent to challenge his conviction and confinement. By order of October 25, 1999, Applicant was directed to submit his claims on a court-approved application for writ of habeas corpus under 28 U.S.C. § 2254. Apparently in response to the order, Applicant filed a civil rights complaint (Doc.

---

[1] In the text of the initial pleading, claims are also asserted against Assistant Public Defender Camacho.



#6, hereinafter the "application") which raises seven claims arising from state court criminal proceedings in New Mexico. For the reasons below, Applicant's pleading is construed as an application for writ of habeas corpus under 28 U.S.C. § 2254, his claims under 42 U.S.C. § 1983 will be dismissed, and he will be required to show cause why the application should not be dismissed.

The application alleges that, after Applicant was arrested in New Mexico in 1998, he was taken to Arizona to face pending charges, where was convicted and sentenced. He was then returned to New Mexico, where he was again convicted and sentenced. He is currently incarcerated in Arizona. As grounds for his seven claims, Applicant asserts that a New Mexico magistrate judge did not have jurisdiction to conduct Applicant's arraignment, his transfer to Arizona violated the Interstate Agreement on Detainers, his attorney did not seek an extradition hearing, he was denied a speedy trial, his plea was involuntary, the district attorney withheld exculpatory evidence, and he was denied an appeal of his conviction. Applicant seeks damages and an order for his release and a new trial.

First, named Defendants Jeffreys, Gifford, and Flynn are immune to Applicant's claims. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Moreover, a judge has absolute immunity even if he or she does not in fact have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity. *Id.* Furthermore, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *See Primas v. City of Oklahoma City*, 958 F.2d 1506,

1509, 1512 (10th Cir. 1992) (claim of withholding evidence). Plaintiff's claims for damages against these Defendants will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Nor is relief available under § 1983 on Applicant's claims against Defendants Camacho and Dawdy. Case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). Last, no allegations are made against Defendant Rollins. Plaintiff's claims under § 1983 will be dismissed with prejudice.

Construed as a § 2254 application, Applicant's pleading is deficient in two particulars. First, the application does not specify dates of convictions or of post-conviction rulings by the state courts. See 28 U.S.C. § 2244(d)(1). Second, Applicant provides no indication whether he has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Applicant will be required to show cause why his application should not be dismissed.

Judgment will be entered on Applicant's claims in favor of all Defendants. Because these parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b). Warden Rollins will remain on the docket as the nominal Respondent in Applicant's habeas corpus proceeding.

IT IS THEREFORE ORDERED that Plaintiff's claims against all parties under 42 U.S.C. § 1983 be DISMISSED with prejudice; Defendants Jeffreys, Camacho, Dawdy, Flynn, and Gifford,

3

will be DISMISSED as parties to this proceeding; and Warden Rollins will remain on the docket as the nominal Respondent;

IT IS FURTHER ORDERED that, within thirty (30) days from entry of this order, Applicant may file a properly completed § 2254 application, specifying the dates of his convictions and describing his attempts to exhaust available state court remedies; failure to comply with this order may result in dismissal of the application; and the Clerk is directed to mail to Applicant, together with a copy of this order, two copies of a form § 2254 application with instructions.

_____
UNITED STATES DISTRICT JUDGE